PALMER, J.
Angel Ramos and William Murphy appeal the final order entered by the trial court dismissing their personal injury lawsuit. Determining that the trial court improperly interjected itself into the trial *212 below and erred in entering a dismissal order, we reverse.
Ramos filed a complaint against numerous defendants based upon injuries allegedly sustained by him as a result of a physical altercation. The court clerk entered a default against the defendants due to their failure to file a responsive pleading. Ramos thereafter filed a motion for entry of a final default judgment. The trial court conducted a hearing on the motion and then entered a default judgment against the defendants. The court reserved jurisdiction to later rule on the issues of damages.[1]
The matter thereafter proceeded to trial, before a jury, on the issue of damages. The defendants did not appear at the hearing. Ramos testified before the jury and subsequent thereto the trial court “dismissed the case without prejudice.” The court then entered a written dismissal order. The order reads:
Based on the events that occurred in open court, the court finds as follows:
1. Jurors were impaneled, voir dire was conducted, a jury was selected, seated, and sworn.
2. Plaintiffs’ counsel gave opening statements, and the Plaintiffs’ first witness, Angel Ramos, was called to the stand to testify.
3. During Ramos’ testimony the court objected to the introduction into evidence of a police report from the incident. The court’s objection was based on hearsay since the police officer and a witness to the event in the report, Garth Innis, were not present to testify.
4. Counsel for the plaintiffs responded that it was not the court’s place to make evidentiary objections in a case. Counsel argued that the Defendants had been properly served, refused to show, and therefore waived their right to object. Counsel further argued that the court could not interpose evidentiary objections on its own. The Court denied plaintiffs’ counsels objections.
5. Plaintiffs’ counsel continued his examination of Mr. Ramos, and some of the witness’ responses included hearsay. The court objected to the hearsay, struck the testimony, and cleared the jury from the courtroom.
6. The court asked Plaintiffs’ counsel if he had any more witnesses [sic]. Plaintiffs’ counsel responded, “no, he did not.”
7. Since the Plaintiffs’ have no other witnesses than themselves, and they would have to testify about matters that constitute hearsay, the court dismisses the Plaintiffs’ case without prejudice.
8. Plaintiffs’ counsel’s objection that the evidence be admitted and the court cannot impose evidentiary objections is denied; counsel’s objection that the court is improperly invading the province of the jury by making findings of fact on the evidence is denied; and counsel’s objection to the dismissal without prejudice since the statutory period for filing the tort claims has passed is also denied.
IT IS THEREFORE ORDERED AND ADJUDGED as follows:
1. That the Plaintiffs case for claims against the Defendants, BRANDON CASEY, BRIAN CASEY, RICHARD WINGO, and BRANDON CASEY, BRIAN CASEY, KYLE NORMAN, RONALD HAUSLBY, RICHARD WINGO and LAMONT JONES, d/b/a “THE *213 JAGGED EDGE,” is hereby dismissed without prejudice.
This appeal timely followed.
Ramos and Murphy argue that the trial court’s dismissal order must be reversed because the trial court improperly participated in the trial and invaded the province of the jury by sua sponte preventing them from presenting evidence. We agree.
In this case, it was improper for the trial court to interject itself into the trial below by making evidentiary objections during the course of Ramos and Murphy’s case-in-chief, and to thereafter determine that the evidence of damages was insufficient to support the entry of a damage award. Accordingly, the trial court’s dismissal order is reversed and this matter remanded with instructions that a new trial be held before a different judge on the issue of damages. See generally Spencer v. State, 615 So.2d 688 (Fla.1993)(holding that trial judge’s sua sponte excusal of jurors for allegedly having low IQ’s was reversible error in prosecution for first-degree murder).
REVERSED and REMANDED.
MONACO, C.J. and COHEN, J, concur.

. Inexplicably, at this point in the proceedings, the name William Murphy appeared in the case name along with Ramos’ name; the record does not contain any documents demonstrating why or how Murphy's name was added as a party-plaintiff. However, no one has raised any issue in this appeal with regard to the discrepancy.